Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered July 11, 2012, which, to the extent appealed from, denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendants argue that the amount of revenues generated by defendant corporation from 2004 through 2007 establishes that plaintiff’s claim that her husband, the individual defendant, was diverting monies from the corporation has no merit. Their sole supporting proof is an affidavit by the husband in which he purports to “analyze” the revenues and expenses of the business in 2008, while it was run by a temporary receiver, and then extrapolates therefrom the corporation’s profits in the earlier years.
*577 The affidavit is inadmissible. First, defendants are precluded from presenting any evidence of the revenues of the business by two court orders issued as a result of their admitted spoliation of relevant financial records and their obstruction of discovery. Second, the husband invoked his Fifth Amendment right against self-incrimination at his deposition to avoid answering a wide range of questions about the revenues of the business during the relevant period, and cannot now selectively provide testimony on that very subject (see Federal Chandros v Silverite Constr. Co., 167 AD2d 315 [1st Dept 1990], appeal dismissed and lv denied 77 NY2d 893 [1991]). Third, the husband may not testify as an “expert,” since he neither has the proper credentials nor was identified by defendants as an expert (see CPLR 3101 [d]). We note also that the husband’s analysis is contradicted by plaintiffs accounting expert’s analysis, which in any event would preclude summary judgment.
Defendants failed to preserve their argument in support of dismissing plaintiff’s claims based on her allegation that the husband misled her about the amount of his own initial capital contribution to the corporation, thereby inducing her to provide substantially more than the 40% of the contribution she was required to pay. This fact-based issue is therefore not properly before us (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]). In any event, defendants failed to establish prima facie that plaintiffs claims are false. Even if the documents they submitted for that purpose were not subject to an order precluding any evidence of the husband’s initial capital contribution other than the 2003 corporate income tax return, and were properly authenticated, the inferences to be drawn therefrom are contradicted by plaintiffs expert’s analysis, which in any event would preclude summary judgment.
Concur—Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.